UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.                             : | Criminal Action No. |
| : | 97-165 (GK) |
| MARC K. WEATHERS,              : | |
| : | FILED |
| Defendant.                     : | |
| : | FEB - 8 2006 |

MEMORANDUM OPINION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Marc Weathers has filed a Motion for Resentencing,[1] arguing that his trial counsel was ineffective for failing to challenge the indictment on double jeopardy grounds. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **denied**.[2]

I. BACKGROUND

In August 1996, a District of Columbia grand jury indicted Defendant on 37 counts of rape and related offenses, involving five victims. In March 1997, Assistant United States Attorney ("AUSA") Bernadette Sargeant obtained evidence that Defendant had attempted

---

[1] Defendant filed with the Court a Brief on Remand, which the Court will consider as a brief in support of his Motion for Resentencing.

[2] The Court recognizes that this case has been fully briefed for well over four years, and deeply regrets the delay in issuing this Opinion and Order. Given the Defendant's sentence on counts that were not remanded, he has suffered no legal prejudice from the delay.

to hire someone to kill her, the five rape victims, and an individual who had reported Defendant's plan to authorities.

In light of this information, Defendant was indicted on April 22, 1997, by a federal grand jury on six charges: (1) use of interstate commerce facilities in the commission of a murder-for-hire in connection with six witnesses, in violation of 18 U.S.C. § 1958; (2) threatening to injure the same six witnesses, in violation of D.C. Code § 22-2307; (3) obstruction of justice involving threats against six witnesses in connection with District of Columbia Superior Court Cases F-868-97 and F-4612-96, in violation of D.C. Code § 22-722(a)(6); (4) threatening to assault and murder AUSA Sargeant, in violation of 18 U.S.C. § 115; (5) threatening to injure AUSA Sargeant, in violation of D.C. Code § 22-2307; and (6) obstruction of justice involving threats against AUSA Sargeant in connection with District of Columbia Superior Court cases F-858-97 and F-4612-96, in violation of D.C. Code § 22-722(a)(6).

On October 2, 1997, a jury convicted Defendant on all six counts. Defendant subsequently appealed the conviction and sentence, arguing that: (1) his rights under the Double Jeopardy Clause of the Fifth Amendment were violated because count five is a lesser-included offense of count four; (2) his double jeopardy rights were violated because count three merges with count six; and

(3) trial counsel was ineffective for failing to raise these double jeopardy claims at trial.

The Court of Appeals held that Defendant had waived his right to appellate review of the double jeopardy claims but remanded the ineffective assistance of counsel claim to this Court for an evidentiary hearing. See United States v. Weathers, 186 F.3d 948 (D.C. Cir. 1999).

On December 1, 1999, this Court held an evidentiary hearing, at which Defendant's trial counsel, Charles Stow III, testified. Defendant subsequently filed the instant Motion for Resentencing.

## II. ANALYSIS

Defendant alleges that trial counsel was ineffective when he failed to raise defendant's double jeopardy claims prior to trial. He contends that this failure resulted in a sentence on six counts rather than four counts. To determine whether counsel was constitutionally deficient, the Court must assess whether: (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. See United States v. Eli, 379 F.3d 1016, 1019 (D.C. Cir. 2004) (setting forth the two-pronged test from Strickland).

### A.   Counsel's Representation Did Not Fall Below an Objective Standard of Reasonableness

Defendant argues that counsel's representation "fell below an objective standard of reasonableness" because counsel (1) failed to assess his double jeopardy claims before trial and (2) continued to believe at the evidentiary hearing that Defendant's double jeopardy claims were without merit.  The Government responds that counsel made a reasoned, tactical decision to not raise the double jeopardy claims so that the Government could not file a superseding indictment, which would contain more charges.

Under the first prong of the Strickland test, the Court's "'scrutiny of counsel's performance must be highly deferential' to avoid holding counsel incompetent because of reasonable strategic or tactical judgments which, with the benefit of hindsight, might prove not to have best served his client's interests." United States v. Loughery, 908 F.2d 1014, 1019 (D.C. Cir. 1990) (quoting Strickland, 466 U.S. at 689).

In the instant case, counsel's decision not to challenge the indictment was based on a reasonable strategic and tactical judgment.  Counsel testified that he had considered the possibility of a double jeopardy violation but did not challenge the indictment because the Government could have corrected any flaws by filing a superseding indictment containing more charges.  Although there is no legal research in counsel's file on the issue of double jeopardy, counsel credibly testified, as an experienced criminal

4

defense lawyer, that he considered the issue and made a tactical judgment based on his assessment of the severity and circumstances of Defendant's crimes. See id. at 691 (decisions "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation"). Counsel explained his rationale as follows: "If I file a multiplicitous motion I give the government a chance to file a superseding indictment, and I run the risk of losing when they have ten, eleven, fifteen counts, whatever number they are going to get." Tr. at 32. Given the facts of the case, this assessment was quite reasonable and was not professionally deficient. Thus, Defendant does not satisfy the first prong of the Strickland test.

### B. Counsel's Representation Could Not Have Prejudiced Defendant Even if It Was Deficient

Even if counsel's representation was deficient, Defendant suffered no prejudice as a result. The second prong of the Strickland test requires Defendant to show that counsel's deficient performance actually prejudiced him. Strickland, 466 U.S. at 694. In this case, therefore, Defendant must show that he would have prevailed on his double jeopardy claims if counsel had raised them.

The Double Jeopardy Clause of the Fifth Amendment protects, in part, against "multiple punishments for the same offense." United States v. McLaughlin, 164 F.3d 1, 8 (D.C. Cir. 1998) (citation omitted). "When a defendant is charged under multiple provisions,

5

the 'Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" Id. (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)).

### 1. Counts Four and Five Could Not Have Merged Under the Double Jeopardy Clause

Defendant argues that count five is a lesser-included offense of count four because D.C. Code § 22-2307 does not require the Government to prove any facts not also required by 18 U.S.C. § 115. See Blockburger, 284 U.S. at 304; Rutledge v. United States, 517 U.S. 292, 298 (1996). The Government argues that § 22-2307 requires proof of "serious bodily harm," while § 115 does not.[3]

Under Blockburger, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304. Thus, the relevant inquiry in this case is whether § 22-2307 requires proof that the bodily harm threatened was serious bodily harm.

Section 22-2307 provides that:

Whoever threatens within the District of Columbia to kidnap any person or to injure the person of another or

---

[3] Both parties agree that 18 U.S.C. § 115 requires proof that the victim was a federal law enforcement officer, while D.C. Code § 22-2307 does not. Thus, the Court need only consider whether § 22-2307 requires proof of an element that § 115 does not.

6

> physically damage the property of any person or of another person, in whole or in part, shall be fined not more than $5,000 or imprisoned not more than 20 years.

D.C. Code. § 22-2307. Thus, it is clear that the plain wording of the statute itself does not require threats of serious bodily harm.

The District of Columbia Court of Appeals, however, has held that seriousness is an element of the offense. The first case to hold that seriousness might be an element of § 22-2307 was <u>Campbell v. United States</u>, in which the District of Columbia Court of Appeals said the elements were:

> that the defendant uttered words to another person; that the words were of such a nature as to convey fear of <u>serious</u> bodily harm or injury to the ordinary hearer; that the defendant intended to utter the words which constituted the threat.

<u>Campbell v. United States</u>, 450 A.2d 428, 431 n.5 (D.C. 1982) (citations omitted) (emphasis added).

Although subsequent cases have been somewhat inconsistent about the inclusion of seriousness as an offense, <u>see, e.g.</u> <u>Joiner v. United States</u>, 585 A.2d 176, 179 (D.C. 1991) (the elements of § 22-2307 are that "the government bears the burden of proving the utterance of a threat and that it was communicated"), the court's most recent cases have uniformly included it as an element. <u>See</u> <u>Evans v. United States</u>, 779 A.2d 891, 895 (D.C. 2001) ("[t]he essential elements of the offense of threats to do bodily harm are ... that the words were of such a nature as to convey fear of serious bodily harm..."); <u>Black v. United States</u>, 755 A.2d 1005, 1008 n.7 (D.C. 2000) (same); <u>Hood v. United States</u>, 661 A.2d 1081,

7

1083 n.5 (D.C. 1995) (same). These recent cases are clearly controlling. Count five, therefore, is not a lesser-included offense of count four, and failure to raise the issue could not have prejudiced Defendant.

### 2. Counts Three and Six Could Not Have Merged Under the Double Jeopardy Clause

Defendant argues that counts three and six merge under the Double Jeopardy Clause because D.C. Code § 22-722(a)(6) does not penalize threats against individual victims but, instead, penalizes endeavors to obstruct particular proceedings. The Government responds that counts three and six charge separate conduct and that the acts at issue involved obstruction of multiple proceedings.

"[W]here it is clear that only one statutory or regulatory proscription has been violated but unclear how often, the question is what the legislature has made 'the allowable unit of prosecution.'" Dunham v. District of Columbia, 442 A.2d 121 (D.C. 1982) (quoting Bell v. United States, 349 U.S. 81, 81 (1955)). That legislative decision "determines the scope of protection afforded by a prior conviction or acquittal." Sanabria v. United States, 437 U.S. 54, 69-70 (citations omitted). "Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice." Id.

According to § 22-722(a)(6), a person commits obstruction of justice if he "[c]orruptly, or by threats of force, any way

obstructs or impedes or endeavors to obstruct or impede the due administration of justice in any official proceeding." The District of Columbia Court of Appeals has not defined the allowable unit of prosecution in § 22-722(a)(6).

However, that court's decisions involving other sections of § 22-722 indicate that a defendant can be convicted of multiple counts of obstruction in the same proceeding. See United States v. Ball, 429 A.2d 1353, 1355 (D.C. 1981) (upholding defendant's four convictions under § 22-722 for threatening four witnesses in the same proceeding); Skyers v. United States, 619 A.2d 931, 933 n.2 (D.C. 1993) (upholding defendant's two convictions under § 22-722 for threatening two witnesses in the same proceeding); Smith v. United States, 591 A.2d 229, 230 (D.C. 1991) (same). Although these cases involve different sections of § 22-722, there is no legislative history or other evidence to indicate that the legislature intended the allowable unit of prosecution in § 22-722(a)(6) to differ from the allowable unit in other sections. Counts six and three, therefore, do not merge under the Double Jeopardy Clause. Thus, Defendant could not have been prejudiced by counsel's failure to raise the double jeopardy issue.

**IV. CONCLUSION**

For the reasons stated herein, Defendant's Motion for Resentencing is **denied**. The Court finds that Defendant did not receive ineffective assistance of counsel because counsel made a reasoned, tactical decision not to challenge the indictment on

9

double jeopardy grounds.  Furthermore, even if counsel's representation was deficient, Defendant was not prejudiced because his double jeopardy rights were not violated.

An Order will issue with this opinion.

Feb. 8, 2006
February 8, 2006

Gladys Kessler
U.S. District Judge